**MORSE et ux. v. WINTZ.**

**No. 3874.**

Court of Civil Appeals of Texas. Beaumont.
May 10, 1941.

Rehearing Denied June 4, 1941.

Tom F. Coleman and C. W. Falvey, both of Lufkin, for appellants.

C. E. Smith, of Woodville, for appellee.

O'QUINN, Justice.

Wintz sued appellants, J. K. Morse and Lois Morse, to recover on a promissory note in the sum of $5,000, payable to the order of E. C. Wintz and E. D. Wintz, and for foreclosure of a chattel mortgage on certain sawmill property given by appellants to secure the payment of the note. The note was given by appellants for the purchase price of the sawmill and other sawmill properties.

Plaintiff, appellee, alleged that he was the owner and holder of the note by indorsement and transfer from E. D. Wintz. Plaintiff's petition was filed October 8, 1940, and the defendants, appellants, were duly cited to appear and answer in the district court of Tyler County, Texas, on the fourth Monday of October, that being October 28, 1940, and they filed their answer, consisting of a general demurrer and general denial, on October 30, 1940. Defendants resided in Tyler County, Texas.

On November 13, 1940, the cause was called for trial, and plaintiff, appellee, E. C. Wintz, appeared in person and by counsel, and announced ready for trial, and appellants appeared by counsel, who, in open court, announced his withdrawal from further participation in the trial of the cause, whereupon the plaintiff, appellee, submitted all matters in controversy, as well of fact as of law, to the court, and it appearing that plaintiff's cause of action, after hearing the pleadings of the parties and the evidence, was a liquidated claim evidenced by instruments (note and mortgage) in writing, executed by the defendants, appellants, judgment was rendered for plaintiff, appellee, and against the defendants, appellants, for the amount due on the note and for foreclosure of the chattel mortgage.

On November 29, 1940, defendants, having secured other counsel, filed motion for a new trial. Appellee objected to the consideration of the motion, and filed motion to strike same because filed too late, not filed within the time prescribed by law. This motion to strike was sustained by the court, and the motion was accordingly

884

stricken and consideration refused. From that order this appeal was taken.

There are in the record (made on the hearing of the motion for a new trial) statements from counsel for appellants, counsel for appellee, and a statement by the court, relative to the manner and· substance of the proceedings before judgment, but as we view the record none of them are material, and we do not state them or comment upon them. The motion for a new trial not having been timely filed, the court did not err in refusing to consider same, and its striking was proper. The judgment is affirmed.